James Rosencranz *vs.* Commonwealth. July 31, 2015. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Criminal*, Speedy trial, Complaint, Dismissal, Interlocutory appeal.

James Rosencranz appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. That petition sought relief

from the order of a Boston Municipal Court judge denying Rosencranz's motion to dismiss a criminal complaint on the ground that he had not been brought to trial within the twelve-month period provided by Mass. R. Crim. P. 36 (b), as amended, 422 Mass. 1503 (1996). The appeal is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). We affirm the judgment of the single justice.

It is established that a defendant in a criminal case is not entitled to appeal from the denial of a motion to dismiss prior to trial. See *Jackson* v. *Commonwealth*, 437 Mass. 1008, 1009 (2002). It is also settled that G. L. c. 211, § 3, may not be used to circumvent that rule. *Id.* "Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss." *Id.*

Rosencranz argues that the alleged violation of his right to a speedy trial cannot effectively be remedied through the ordinary appellate process because the pendency of the criminal proceedings in the meantime has ongoing collateral consequences for him; specifically, he contends that the pending case adversely affects his ability to practice law or to secure other employment.[1] We have previously considered and rejected arguments like this. The collateral consequences attendant to the pendency of criminal proceedings — such as "continued anxiety, community suspicion and other social and economic disabilities" — do not necessarily render the regular appellate process inadequate for speedy trial claims. *Esteves* v. *Commonwealth*, 434 Mass. 1003, 1003-1004 (2001) (distinguishing speedy trial claims from double jeopardy claims). See *Owens* v. *Commonwealth*, 465 Mass. 1010 (2013) (rejecting interlocutory review under G. L. c. 211, § 3, of denial of motion to dismiss based on claim of speedy trial violation); *Cousin* v. *Commonwealth*, 442 Mass. 1046 (2004) (same).[2]

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.
*Francis J. DiMento, Jr.*, for the petitioner.

---

[1] In a bar discipline proceeding arising out of unrelated events, Rosencranz was suspended from the practice of law in the Commonwealth, effective February 1, 2012, for a period of six months. To date, he has not sought reinstatement.

[2] We do not address other issues and arguments raised by Rosencranz on appeal that were not raised before the single justice.